# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BRENDA PORTER, on behalf of K.F.P.,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-404-FHM

## OPINION AND ORDER

Plaintiff, Brenda Porter on behalf of K.F.P., a minor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's, October 7, 2003 application for Supplemental Security Income was prosecuted through an appeal to the district court and was remanded by the court pursuant to an agreed motion to remand for further administrative proceedings. [R. 485]. On remand a hearing before Administrative Law Judge ("ALJ") Lantz McClain was held August 20, 2008. By decision dated October 22, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 22, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

The claim for benefits was brought on behalf of the minor child by his mother.[2] Plaintiff was ten years old on October 7, 2003, the date the application for disability was filed, and was fifteen years old on the date of the ALJ's decision. He claims to have marked and severe functional limitations which meet the requirements of disability under 20 C.F.R. § 416.924(a).

## **Sequential Evaluation for Child's Disability Benefits**

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity. If not, the next consideration is whether the child has a "severe" mental or physical impairment. A "severe" impairment is one that causes more than minimal functional limitations. If a "severe" impairment is identified, the claim is reviewed to determine whether the child has an impairment that: 1) meets, medically equals, or

---

[2] For the sake of clarity, the court will refer to the child as Plaintiff.

functionally equals the listings of impairments for children;[3] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

## The ALJ's Decision

The ALJ applied the three-step sequential evaluation process for determining whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924(a). The ALJ considered Plaintiff's level of functioning in the six domains. The ALJ found that Plaintiff did not meet the definition of disability as he did not have an impairment or combination

---

[3] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitations in one domain. [R. 481].

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ committed the following errors: 1) failed to properly consider that he meets or equals a listing; 2) failed to evaluate the functional meeting of a listing; and 3) failed to perform a proper credibility determination.

### **Analysis**

#### Consideration of the Listings

Plaintiff argues that he meets listing §112.05D. That listing addresses mental retardation "[c]haracterized by significantly sub average general intellectual functioning with deficits in adaptive functioning." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §112.05. Section 112.05D requires:

> A valid verbal, performance, or full scale IQ of 60 though 70 **and** a physical or other mental impairment imposing an additional and significant limitation of function[.]

[emphasis supplied]. Plaintiff argues that he meets this listing because the record contains a performance IQ score of 69 and the diagnosis of having a learning disability, a depressive disorder or adjustment disorder, a reading disorder, and a mathematics disorder.

The record contains two IQ tests for Plaintiff which are listed in the ALJ's decision. On November 15, 1999 testing produced a verbal IQ of 79, performance IQ of 73, and full scale IQ of 74, which the tester noted placed Plaintiff at the borderline level of intelligence. [R. 374]. Testing on February 13, 2003 revealed a verbal IQ of 82, performance IQ of 69,

4

and full scale IQ of 73. [R. 257]. The school psychologist administering the test stated Plaintiff's overall intellectual functioning was within the below average range. *Id*. Plaintiff spends much of his brief arguing that he meets the mental retardation listing because the record contains a performance IQ of 69. Plaintiff argues that the ALJ was required to explain why he chose one IQ score over the other.

The ALJ did not choose one IQ score over the other. The ALJ found that Plaintiff did not meet listing 112.05 because "[t]here is no evidence that the claimant has a valid verbal, performance, or full scale IQ of 60 through 70 **and** a physical or other mental impairment imposing an additional and significant limitation of function." [R. 474] [emphasis in original]. The ALJ noted the record contains seven Childhood Disability Evaluation Forms completed by seven different medical experts from July 31, 1997 to May 31, 2005. The ALJ noted that "[w]hile there is some variance in the amount of limitation in the six functional domains, one thing is consistent, none of these medical experts felt the severity of the claimant's impairments met or equaled a listed impairment, or functionally equaled a listed impairment." *Id*. The ALJ also noted that the medical expert, Dr. Bedwell, testified at the hearing that in his opinion the severity of Plaintiff's impairments did not meet or equal a listing. *Id*.

The court finds no error in the ALJ's conclusion that Plaintiff did not meet listing 112.05D. <u>All</u> of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). It was not necessary for the ALJ to choose or reject any of the IQ scores because

in order to meet the listing, the record must also demonstrate <u>another</u> mental impairment or a physical impairment that imposed an <u>additional</u> and significant limitation of function. The ALJ found that Plaintiff did not meet the requirement of having an <u>additional</u> limitation of function. That conclusion is supported by substantial evidence as outlined in the ALJ's decision. [R. 474].

Plaintiff also asserts that he meets listing §112.02(B)(2)(b). That listing addresses organic mental disorders and requires "[m]edically documented persistence" of one of a number of criteria <u>and</u> marked impairment in age-appropriate social functioning, documented by history and medical findings. In support of his argument, Plaintiff recounts entries in school records where various problems were reported which Plaintiff argues demonstrate marked social difficulties. [Dkt. 12, p. 3]. In conjunction with listing §112.05, the ALJ noted the findings in the seven Childhood Disability Evaluation forms in the file. None of those evaluations contain a finding that Plaintiff had marked limitation in social functioning. [R. 474]. In considering whether Plaintiff functionally equaled the listings, the ALJ found Plaintiff has a marked limitation in dealing which others. [R. 479]. While that finding may qualify as meeting part of the listing, Plaintiff has not identified any medical evidence of an organic brain disorder as required to meet the criteria of section A of listing 112.02. Again, all of the listing criteria must be met.

Plaintiff states that he should be considered as having satisfied the requirements for a closed period of disability. That argument is not developed in Plaintiff's brief as Plaintiff has not identified a period of time for a closed period, nor has he identified evidence that would support such a finding.

6

## Functionally Equaling Listing

Plaintiff contends that the ALJ failed to properly evaluate whether he functionally met a listing because in the most recent consultative mental examination performed on October 30, 2007, the doctor completed the adult mental assessment form not the form that pertains to a child's mental assessment. [R. 524-526]. At the hearing the medical expert questioned why the wrong form was used. [R. 533-34]. Plaintiff argues that the ALJ should have recontacted the doctor for an explanation about the use of that form. These contentions are not accompanied by any explanation about how use of the wrong form affected the ALJ's decision. The court finds that Plaintiff has not carried the burden of proving error. *See generally United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff also asserts "the ALJ has interfered with Claimant's due process rights by applying the wrong standard of proof." [Dkt. 12, p. 5]. Plaintiff does not explain how this contention relates to the instant case. The court finds that the ALJ demonstrated he fully considered the six domains of functioning as he made conclusions related to each of the domains and pointed to evidence in the record to support his conclusions. [R. 476-481].

## Credibility Determination

The ALJ outlined Plaintiff's mother's testimony and throughout the decision noted comments in the record about Plaintiff's poor motivation and effort on testing, his school grades of A's, B's, and C's, that he was playing basketball, had friends, was able to communicate well, played video games, used a computer for the internet and school

research, and that one doctor noted Plaintiff's mother seemed to be "stretching complaints" a little. [R. 475-476]. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. Since the ALJ properly linked his credibility finding to the record, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 4th day of September, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE